UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MIGUEL MEJIA,<br><br>Defendant | Criminal No. 21cr10327<br><br>Violations:<br><br>Count One: Distribution of and Possession with Intent to Distribute 40 Grams or More of Fentanyl<br>(21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi))<br><br>Count Two: Dealing in Firearms Without a License (18 U.S.C. § 922(a)(1)(A))<br><br>Drug Forfeiture Allegation:<br>(21 U.S.C. § 853)<br><br>Firearm Forfeiture Allegation:<br>(18 U.S.C. § 924(d); 28 U.S.C. § 2461(c)) |

## INDICTMENT

### COUNT ONE
Distribution of and Possession with Intent to Distribute 40 Grams or More of Fentanyl
(21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi))

The Grand Jury charges:

On or about July 31, 2020, in Lawrence, in the District of Massachusetts, the defendant,

MIGUEL MEJIA,

did knowingly and intentionally distribute and possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, also known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWO
### Dealing in Firearms Without a License
### (18 U.S.C. § 922(a)(1)(A))

The Grand Jury further charges:

At various times unknown to the Grand Jury, but from at least July 7, 2020 and continuing until at least December 16, 2020, in Lawrence, in the District of Massachusetts, and elsewhere the defendant,

## MIGUEL MEJIA,

not being a licensed importer, manufacturer, and dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms, including the following: the sale of a Glock 26 style, Privately Made Firearm, 9mm pistol, sold on or about July 7, 2020; the sale of a Glock 17 style, Privately Made Firearm, 9mm pistol, sold on or about August 17, 2020; the sale of a Glock 19 Style, Privately Made Firearm, 9mm pistol sold on or about October 16, 2020; and the sale of a Glock 17 Style, Privately Made Firearm, 9mm pistol and a Glock 26 Style, Privately Made Firearm, 9mm pistol sold on or about December 16, 2020.

All in violation of Title 18, United States Code, Section 922(a)(1)(A).

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

1. Upon conviction of distribution of and possession with intent to distribute 40 grams or more of fentanyl in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vi), set forth in Count One, the defendant,

MIGUEL MEJIA,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant—

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

## FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 922, set forth in Count Two, the defendant,

MIGUEL MEJIA,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offense.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

A TRUE BILL

_____
FOREPERSON

_____
BENJAMIN A. SALTZMAN
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: NOVEMBER ___2___, 2021
Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK